UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL ANN MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. ED CV 10-471-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he ignored the limitations found by two doctors and when he failed to call a vocational expert. For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings consistent with this opinion.

## II. SUMMARY OF PROCEEDINGS

On September 17, 2007, Plaintiff applied for SSI, alleging that she was disabled as of June 1, 1989, due to pain, fatigue, high blood

pressure, cervical cancer, and nerve problems caused by her medication. (Administrative Record ("AR") 118-24, 131, 140.) After her claim was denied initially and on reconsideration, she requested and was granted a hearing before an ALJ. On September 24, 2009, Plaintiff appeared and testified at the hearing. (AR 37-54.) On November 18, 2009, the ALJ issued a decision denying benefits. (AR 5-18.) Plaintiff then filed this action.

## III. DISCUSSION

The ALJ found that Plaintiff had the residual functional capacity to perform a full range of unskilled, entry-level work. (AR 12.) Plaintiff claims that this finding is inconsistent with the views of an examining doctor and a reviewing doctor, both of whom believed that she was moderately impaired in certain areas. (Joint Stip. at 3-7.) For the following reasons, the Court agrees.

Non-examining doctor G. Rivera-Miya found, among other things, that Plaintiff was moderately limited in her ability to maintain concentration, persistence, and pace and to interact appropriately with the general public. (AR 320, 324.) The ALJ ostensibly accepted Dr. Rivera-Miya's opinion. (AR 16-17.) He then, however, seemed to ignore it when he concluded that Plaintiff was capable of performing a full range of unskilled, entry-level work. (AR 12.) Clearly, if Plaintiff was unable to maintain concentration, persistence, and pace and could not interact appropriately with the general public, she would not be able to perform a full range of unskilled, entry-level work.

The Agency seems to understand that, and, instead of addressing the issue, argues that Dr. Rivera-Miya's opinion did not amount to substantial evidence because he or she was a reviewing physician and

1  his or her opinion was inconsistent with the other medical evidence.
2  (Joint Stip. at 8.)  The Agency points out that, as a result, it was
3  not entitled to any weight.  (Joint Stip. at 8.)
4      This argument is rejected.  Though the Court would agree that the
5  ALJ had the discretion to conclude that Dr. Rivera-Miya's opinion was
6  not entitled to any weight, he concluded the opposite.  He assigned
7  "significant weight" to the opinion.  (AR 17.)  Having done so, he was
8  required to include Dr. Rivera-Miya's limitations in the residual
9  functional capacity findings.  His failure to do so amounts to error.
10 See Hughes v. Comm'r of Soc. Sec. Admin., 403 Fed. Appx. 218, 221 (9th
11 Cir. 2010) (holding ALJ erred when he failed to include in the
12 residual functional capacity findings the limitations identified by
13 the treating doctor which the ALJ did not properly reject); see also
14 Winnett v. Astrue, 2009 WL 2160691, at *10 (E.D. Wash. July 16, 2009)
15 (holding ALJ erred when he gave "significant weight" to reviewing
16 doctor's opinion but failed to incorporate the mental limitations
17 found by that doctor in the residual functional capacity
18 determination).
19     The same holds true for the ALJ's treatment of Dr. Larson's
20 opinion.  Dr. Larson was an examining physician.  He determined, among
21 other things, that Plaintiff was moderately impaired in her ability to
22 appropriately interact with supervisors, co-workers, and the public.
23 (AR 309.)  Here, again, the ALJ accepted Dr. Larson's opinion but
24 failed to include his limitations in the residual functional capacity
25 assessment.  (AR 12, 15-16.)  This, too, was error.  See Hughes, 403
26 Fed. Appx. at 221.
27     The Agency disagrees.  It believes that Dr. Larson's opinion
28 supports the ALJ's findings that Plaintiff was not disabled because

Dr. Larson noted that Plaintiff "probably could function quite well in an employment situation." (Joint Stip. at 7-8.) Accepting this quote at face value, it is still not enough to overcome the ALJ's oversight here. The ALJ did not find that Plaintiff could perform in some hypothetical work situation. He concluded that Plaintiff could perform any job so long as it was entry-level and unskilled. Viewing Dr. Larson's opinion as a whole, the ALJ's finding is inconsistent with it because many unskilled, entry-level jobs would require Plaintiff to interact with supervisors, co-workers, and the public, which, according to Dr. Larson, Plaintiff would have trouble doing. As such, the ALJ erred.

The more difficult question here is whether the case should be remanded for further proceedings or whether, based on this record, the Court can conclude that the ALJ's error was harmless. Plaintiff's case is very weak. In 2007, she alleged that she had been unable to work since 1989, though, in fact, she had worked, albeit briefly, during that interim. (AR 42, 132.) Further, it is unusual for a claimant to wait 18 years to file a claim for benefits. Most often, people who are disabled file claims near in time to the onset date. In addition, Plaintiff's alleged impairments are marginal, at best. She alleged in the application process that she was disabled due to pain, fatigue, high blood pressure, cervical cancer, and nerve problems caused by her medication. (AR 131, 140.) When she testified at the administrative hearing, however, her claims were limited to excessive bleeding during menstrual periods and multiple sclerosis and the attendant pain. (AR 43, 45.) Her medical records, which are sparse, do not seem to support a debilitating condition from either ailment. Though her treating doctor opined that she had some

4

significant limitations, the ALJ rejected that opinion (AR 14-15), and Plaintiff has not challenged that finding here. What remains is mostly examining and reviewing physicians' opinions, which, read as a whole, do not seem to support a finding of disability.

An error is harmless in a social security case if it does not affect the ultimate non-disability determination. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). This case is close. Though the Court concludes that the ALJ erred when he failed to include the doctors' limitations in his residual functional capacity finding, had he done so, he likely would have reached the same conclusion, i.e., that Plaintiff was not disabled because there were more than enough unskilled, entry-level jobs in the local and national economies that she could perform despite her limitations. The Court, however, believes that to reach such a conclusion would require the Court to make an inferential leap regarding the number and type of jobs Plaintiff could perform despite her limitations, which the Court is not comfortable doing based on this record. For this reason, the case is remanded to the Agency for further proceedings consistent with this Memorandum Opinion and Order.[1]

---

[1] Plaintiff argues that the ALJ also erred when he failed to call a vocational expert. It is unclear at this time whether a vocational expert will be necessary. After re-considering the medical evidence and determining the extent of Plaintiff's limitations, the ALJ will have to make that determination.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

IT IS SO ORDERED.

DATED: August 18, 2011.

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\MARTIN, C 471\memo.opinion.and order.wpd